■ NATHAN L. WOLFSON, Respondent, v. RENEE WOLFSON, Appellant. — Appeal by defendant from so much of a judgment of the Supreme Court, Kings County, entered April 7, 1971, as, after a nonjury trial, granted plaintiff a divorce, upon the ground of abandonment for two or more years; dismissed defendant's counterclaims for divorce; denied alimony and counsel fees to defendant; granted plaintiff visitation with the infant child of the marriage; and directed plaintiff to pay $35 a week for the child's support. Judgment modified, on the law and the facts, by striking out the first, fourth and fifth decretal paragraphs thereof, which granted the divorce, awarded child support and denied alimony and counsel fees, and by adding a provision thereto (1) granting a new trial on plaintiff's complaint and on the issues of alimony and counsel fees and the amount of child support and (2) directing that an amended judgment shall be entered after such new trial. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, Special Term was correct in its conclusion that it could not disregard the with-prejudice order of discontinuance of defendant's prior action (*Cohen* v. *Cohen,* 3 N Y 2d 339; *Cohen* v. *Cohen,* 4 A D 2d 880; *Gardner* v. *Board of Educ. Cent. School Dist. No. 1,* 28 A D 2d 616) and in its conclusion that defendant's allegations could be considered as a defense. We find no merit to defendant's contention that the order of discontinuance was void on its face because it was made without testimony having been taken, allegedly in violation of section 211 of the Domestic Relations Law. The statute was designed to discourage consent divorces and separations; it was not intended to discourage discontinuance of matrimonial actions. However, we are of the opinion that the grant of a divorce to plaintiff was contrary to the weight of the evidence and to law. Abandonment must clearly appear and the onus is on him who asserts it (*Thalassinos* v. *Thalassinos,* 77 N. Y. S. 2d 311, affd. 274 App. Div. 807). At bar, the evidence of the July 25, 1967 physical markings on defendant; plaintiff's incredible explanation thereof; his knowledge that his wife had been in the Family Court and had consulted an attorney; defendant's claim of an August 30, 1967 beating on the eve of a September 1, 1967 Family Court appearance; and the circumstances of her departure on August 31, 1967, leaving 95% of her clothing behind, establish that the finding of abandonment is contrary to the weight of the evidence and to law. Special Term had understandable difficulty comprehending the manner in which defendant had obtained certain bruises. At the conclusion of the trial, the court expressed a belief indicating that the entire truth had not been brought out by both sides. We are in accord and believe that under all of the circumstances a new trial should be had. It is also our opinion that Special Term's decision does not sufficiently comply with CPLR 4213 (subd. b) in that it does not sufficiently set forth the essential facts upon which the decision was based. In view of the conflicting testimony on the issue of the alleged beatings, and the need to establish a fair and proper amount of support for the child, we are of the opinion that appellant was prejudiced thereby. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.